# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ALLEN L. TORKELSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-1284-EFM** |
| | ) | |
| **STATE OF KANSAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion to proceed without prepayment of fees (ECF No. 3).  For the reasons set forth below, the court recommends that plaintiff's motion to proceed in forma pauperis (**ECF No. 3**) be **DENIED** and that this case be dismissed.

## I.    Recommendation of Denial of In Forma Pauperis Status.

Proceeding in forma pauperis in a civil case is a privilege, not a right.[1]  Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[2]  An affidavit of financial status must be submitted with an application

---

[1] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998).
[2] *Id.* (citing 28 U.S.C. § 1915(a)(1)).

to proceed in forma pauperis.[3]   When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[4] But the decision whether to grant or deny in forma pauperis status under section 1915 lies within the sound discretion of the court.[5]

The court notes that this is the second case filed by plaintiff this year on the same (limited) facts and against the same defendant. *See Torkelson v. State of Kansas*, 15-1051-JTM-KMH.  In his previous case, plaintiff was granted the opportunity to proceed without the payment of fees.[6]   Yet the fact that he has previously proceeded in forma pauperis does not bind this court to allow repeated filings at no cost to plaintiff when he provides an incomplete financial affidavit and his claims lack merit (*see* discussion *infra* Part II).

The court has reviewed plaintiff's affidavit of financial status and concludes that plaintiff does not presently qualify to proceed without payment of fees.  In plaintiff's previous case he disclosed that both he and his wife receive monthly Social Security benefits.[7]  But his current affidavit reports <u>no</u> household income.  The court therefore considers his affidavit incomplete at best and deceptive at worst.

---

[3] *Id*. (citing 28 U.S.C. § 1915(a)(1)).
[4] *Id*. (citing *Buggs v. Riverside Hospital,* No. 97–1088, 1997 WL 321289, at *1 (D. Kan. April 9, 1997).
[5] *Id*. (citing *Cabrera v. Horgas,* 173 F.3d 863, at *1 (10th Cir. 1999)).
[6] *Torkelson v. State of Kansas*, 15-cv-01051-JTM-KMH (Mem. and Order, ECF No. 5).
[7] *Id*. (ECF No. 3-1, at 4).

However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny plaintiff's motion to proceed without payment of fees.[8]  Accordingly, the undersigned magistrate judge issues this report and recommendation that plaintiff's motion to proceed without payment of fees be denied for the reasons state above.

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to proceed without payment of fees (**ECF No. 3**) be **DENIED**.

## II.     Recommendation of Dismissal Based on Sufficiency of Complaint.

Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 23, 2015, plaintiff filed his first lawsuit against the State of Kansas in Case No. 15-1051-JTM-KMH.  In that case, U.S. Magistrate Judge Karen M. Humphreys recommended dismissal because plaintiff did not provide sufficient facts to support his claim.  In his objection to Judge Humphreys' recommendation, plaintiff asserted that an amendment to the Kansas Offender Registration Act (KORA) increased his registration period from ten to fifteen years and therefore violates the Ex Post Facto Clause of the United States Constitution.  Over plaintiff's objection, Chief Judge J. Thomas Marten

---

[8] *See Lister v. Dept. of Treasury,* 408 F.3d 1309, 1312 (10th Cir.2005) (the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

adopted the report and dismissed the case for failure to state a viable claim for relief (ECF No. 8).  Judge Marten discussed cases addressing the retroactive application of updates to KORA, explaining "Recent decisions have uniformly concluded that sex offender registration statutes are nonpunitive in nature, and therefore may be constitutionally applied on a retroactive basis."[9]

The court reviews the sufficiency of plaintiff's current complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[10]  Because plaintiff proceeds pro se, his pleadings must be liberally construed.[11]  However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[12] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[13]  Plaintiff "must allege sufficient facts to state a claim which is plausible— rather than merely conceivable—on its face."[14]

Plaintiff's "statement of claim" section of the Complaint was left blank, and he makes only one statement in his request for relief:  "to be taken off the sex offender registry list."  His Complaint asserts a claim identical to his previous case dismissed by

---

[9] Case No. 15-1051-JTM-KMH, ECF No. 8 (citing *Smith v. Doe*, 538 U.S. 84 (2003); *State v. Myers*, 260 Kan. 669, 696, 923 P.2d 1024 (1996), *cert denied* 521 U.S. 1118 (1997); *State v. Johnson*, No. 111,550, 2015 WL 1124674, *5 (Kan.App. 2015); (Kan.App. 2013) *State v. Byers*, No. 108,564, 2013 WL 3867862 (Kan.App. 2013); and *United States v. Davis*, 352 Fed.Appx. 270, 272 (10th Cir. 2009)).

[10] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[11] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[12] *Id*.

[13] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

[14] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Judge Marten and provides no additional details by which this Court would reach a different conclusion. It is clear from the face of the complaint that the plaintiff neither pleads "enough facts to state a claim for relief that is plausible on its face,"[15] nor presents a rational argument on the facts or law in support of his claim.[16] It is therefore recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[17]

---

[15] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).
[17] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 6th day of October 2015.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge